[No. 12861.　Department One.　December 15, 1915.]

THE CITY OF TACOMA, *Appellant*, v. AGNES LEIGHTON *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS — OFFICERS AND EMPLOYEES — OVERPAY-
MENTS — RECOVERY — LIABILITY OF OFFICERS.　Overpayments to the
keeper of the city hospital for her own meals, wrongfully included in
her statement for meals served, under an ordinance fixing her salary
and allowing twenty cents for each meal served to the patients,
nurses and janitor, are not *ultra vires*, as the council could have
contracted therefor in the first instance; and not having been made
through mistake of law or fact, the subsequent payment by the city
council precludes the city from recovering the same from the keeper
of the hospital or the mayor and controller who approved and audited
the bills.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered October 31, 1914, upon sustaining demurrers to the complaint, dismissing an action to recover money paid.　Affirmed.

*T. L. Stiles* and *Frank M. Carnahan*, for appellant.

*O. O. McLane*, for respondents Leighton *et al.*

*Fitch, Jacobs & Arntson*, for respondent Seymour.

CHADWICK, J.—Respondent Leighton was the superintendent and keeper of the city hospital at Tacoma.　Her duties were prescribed by an ordinance which provided that she should receive the sum of eighty dollars per month, and twenty cents for each meal served to the patients, nurses, and janitor.　It is alleged that, in making reports of the meals served, she did, during the period of her incumbency, wrongfully include her own meals to the number of 2,967, for which the city has paid from month to month, in the aggregate, the sum of $593.40.

It is further alleged that, as provided by ordinance, she made her report to the mayor, respondent Seymour, who ap-

[1]Reported in 153 Pac. 362.

proved the report and passed it to respondent Meads, the controller. Upon such approval, the council ordered warrants to be drawn to cover the alleged illegal charges. It is sought to recover the amount so paid as a wrongful payment, under the theory that municipal officers who pay out funds illegally are personally liable with the one who received the money. While the arguments of counsel have taken a somewhat wider range, we think the case may be quickly disposed of.

Granting that the amount so paid to Leighton was an overpayment, it does not follow that it is illegal in the sense that the act was *ultra vires*. It was within the power of the city to contract to pay for the meals consumed by respondent Leighton, and the subsequent payment by the council will preclude a recovery.

The money was not paid through a mistake of law or fact, nor can it be said that it was claimed or paid as a consequence of fraudulent intent or connivance. The superintendent's meals were charged in addition to the charges provided for in the ordinance, but the same authority that ordered the warrant to cover them might have so contracted in the beginning. Let it be supposed that the superintendent had included a charge for repairs—the city did not, so far as the ordinance recites, undertake to keep up the repairs—or that a charge for nurses' uniforms had been included, and that the bill had been approved, audited, and allowed, could it be said that the council could not, in the exercise of its general power, allow the bill, and that the payment was not voluntary and within the limit of its power:

The rule of voluntary payments is stated in 30 Cyc. 1298-1301. The distinction between this case and one where a payment is made without authority or in violation of law, is made clear in the case of *State ex rel. Grant Smith & Co. v. Seattle*, 74 Wash. 438, 133 Pac. 1005, and *Pacific County v. Willapa Harbor Pub. Co.*, ante p. 562, 153 Pac. 360.

If the money had been paid in contravention of some statute, or if this were an action to restrain the payment, a different question would be presented.

Affirmed.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.